**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IDT DOMESTIC TELECOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT CRUMPLER, <br><br> Defendant. | **Civil Action No. 22-1947 (SRC)** <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), by Defendant Robert Crumpler ("Crumpler.") Plaintiff IDT Domestic Telecom, Inc. ("IDT") has opposed the motion. Crumpler did not file a brief in reply to the motion. For the reasons expressed below, the Court will grant the motion to dismiss.

This case arises from a dispute between a telephone company, IDT, and a mobile phone advertising company, Altrooz; Crumpler is the CEO of Altrooz. The Complaint, filed April 5, 2022, asserts four claims against Crumpler in his individual capacity: 1) fraudulent misrepresentation; 2) fraudulent inducement; 3) conversion; and 4) negligence. In a previously-filed case before this Court, Altrooz v. IDT, Civil Action No. 19-16811, Altrooz and IDT are litigating related disputes.

Crumpler first moves to dismiss the Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Crumpler contends that IDT cannot show that this Court has personal jurisdiction over him. The Third Circuit has held:

> When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'

<u>Mellon Bank PSFS, Nat'l Ass'n v. Farino</u>, 960 F.2d 1217, 1223 (3d Cir. 1992) (citations omitted.)

IDT, in opposition, asserts that specific personal jurisdiction is proper under the "effects test," as formulated by the Third Circuit in <u>IMO</u>:

> To summarize, we believe that the Calder 'effects test' requires the plaintiff to show the following:
>
> 1) The defendant committed an intentional tort;
>
> 2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
>
> 3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity;
>
> As the above discussion suggests, in order to make out the third prong of this test, the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.

<u>IMO Indus. v. Kiekert AG</u>, 155 F.3d 254, 265-66 (3d Cir. 1998). Applying this standard, this Court does not discern in the Complaint factual allegations of specific activity which indicate that Crumpler expressly aimed tortious conduct at the forum state of New Jersey. To the

contrary, the Complaint alleges that Altrooz, generally, engaged in a scheme that defrauded IDT, but asserts that evidence of this scheme was "visible" to Crumpler (Compl. ¶ 33), and that Crumpler knew or should have known about aspects of the scheme (*e.g.*, Compl. ¶¶ 38, 40, 42, 45, 60, 61, 62.)  The Complaint's allegations that Crumpler knew or should have known about the alleged fraudulent scheme are vague and conclusory.  The Complaint does not allege that Crumpler engaged in specific activity which indicates that he expressly aimed tortious conduct at the forum state of New Jersey.

Nor does IDT's opposition brief raise any allegations that that Crumpler engaged in specific activity which indicates that he expressly aimed tortious conduct at the forum state of New Jersey.  IDT claims that it has evidence of "Crumpler's personal involvement with the fraud," but offers only a few general and conclusory statements, as well as 15 string cites to a transcript of Crumpler's deposition testimony in Altrooz v IDT.  This does not suffice to meet Plaintiff's burden of "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  Mellon, 960 F.2d at 1223.

This Court concludes that Plaintiff has failed to meet its burden of presenting a *prima facie* case for the exercise of personal jurisdiction over Defendant.  IDT has failed to "point to specific activity indicating that the defendant expressly aimed [his] tortious conduct at the forum," as required by the Third Circuit in IMO.  The motion to dismiss the Complaint for lack of personal jurisdiction will be granted, and the Complaint will be dismissed without prejudice on that ground.

Next, Crumpler argues that IDT "has not stated a claim to pierce the corporate veil

3

against Mr. Crumpler." (Def.'s Br. at 12.) In opposition, Plaintiff contends: "IDT has stated a claim for to pierce [*sic*] the corporate veil." (Pl.'s Opp. Br. at 15.) The Court does not find in this debate any claim to dismiss, pursuant to Rule 12(b)(6). The Complaint asserts four claims. Not one of the claims says anything about piercing the corporate veil. Instead, the Complaint raises the subject of piercing the corporate veil in a subsection of factual allegations (Compl. ¶¶ 51-58.)

The Complaint does not build any bridge between the allegations in the veil-piercing subsection and the claims. The Complaint states: "Piercing the corporate veil and/or recognizing Altrooz as the alter ego of Crumpler is warranted . . ." (Compl. ¶ 52.) The Court does not perceive how this connects to any of the four claims, which rest on the theory that Crumpler personally engaged in tortious conduct directed at IDT, and ask that he should be held personally liable for the tortious conduct he directed at IDT. Thus, the claims do not appear to rely upon a veil-piercing theory. The Court finds it need not reach the matter of piercing the corporate veil in order to resolve the motion to dismiss presently before it.

Next, Crumpler moves to dismiss the two fraud claims, Counts I and II, for failure to meet the pleading requirements of Rule 9(b). Rule 9(b), which applies to claims sounding in fraud, sets a heightened pleading requirement: the complaint must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Third Circuit has held that to satisfy Rule 9(b)'s stringent standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). Crumpler argues that Counts I and II fail to state the circumstances constituting fraud with sufficient particularity.

IDT's opposition brief responds by repeating the allegations that Crumpler knew or should have known about aspects of the alleged fraudulent scheme. This does not state with particularity Crumpler's alleged acts of fraud toward IDT. Counts I and II do not meet the particularity requirement of Rule 9(b). As to Counts I and II, the motion to dismiss will be granted, and Counts I and II will be dismissed without prejudice.

Crumpler next argues that Count IV, for negligence or gross negligence, fails on the ground that it fails to allege any factual support for finding that Crumpler owed IDT a duty of care. Crumpler argues that this is an improper attempt to "convert basic contract claims into negligence claims in order to create a basis for the imposition of personal liability on corporate officers." Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 318 (2002). Plaintiff's opposition misses the point, points to no cases with a negligence analysis, and fails to point out a basis to find that Crumpler owed IDT a duty of care. Count IV fails to plead an essential element of a claim for negligence under New Jersey law, a duty of care. Townsend v. Pierre, 221 N.J. 36, 51 (2015). As to Count IV, the motion to dismiss will be granted, and Count IV will be dismissed without prejudice.

Last, Crumpler argues that the Complaint provides no valid basis for awards of punitive damages or attorney's fees. IDT does not respond to these arguments, which this Court construes as a concession that Crumpler is correct.

Defendant asks this Court to dismiss the claims at issue with prejudice. The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a

5

deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013) ("It does not matter whether or not a plaintiff seeks leave to amend.")

This Court must therefore consider the question of whether Plaintiff should be granted leave to replead the dismissed claims, or whether amendment would be inequitable or futile. Defendant has not argued that amendment would be inequitable or futile and, based on the briefs presently before this Court, this Court has no basis to conclude that it would be. The Complaint will be dismissed without prejudice and Plaintiff shall be granted leave to amend it.

For these reasons,

**IT IS** on this 29th day of August, 2022

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 6) is **GRANTED**, and the Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to amend the Complaint within 30 days of the date of entry of this Opinion and Order.

    s/ Stanley R. Chesler  
    STANLEY R. CHESLER  
    United States District Judge